IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                        RESPONDENT

v.                           No. 1:12-cr-10008
                             No. 1:14-cv-01046

DONALD GANTT                                                         MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed herein by Donald Gantt (hereinafter referred to as "Gantt"), an inmate confined at the U.S. Penitentiary in Beaumont, Texas.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The United States of America (hereinafter referred to as the "Government") has responded to the Motion. ECF No. 47. The Court has considered this briefing, and this matter is ready for decision. For the reasons stated below, the Court recommends the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 45) be **DENIED**.

In his Motion, Gantt's only request is to correct the judgment in his case so he is given credit for time served. ECF No. 45. Specifically, he requests the following: "[H]is sentencing judgment be corrected to accurately reflect the intent of all parties that the defendant be given jail credit for 673 days for time actually served in federal custody prior to sentencing." *Id.* Such a claim is attacking the execution of a sentence and is not proper under 28 U.S.C. § 2255. *See Bell v. United States,* 48 F.3d 1042, 1043 (8th Cir. 1995) (recognizing a claim attacking the *execution* of a sentence "is not cognizable under section 2255" and must be brought under 28 U.S.C. § 2241(a)).

Accordingly, based on the foregoing and because this action should have been brought pursuant to 28 U.S.C. § 2241, it is recommended this Motion (ECF No. 45) be **DENIED** and dismissed without prejudice.[1]

**The Parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

**DATED** this **27th day of January 2016.**

　　　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Barry A. Bryant　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　　HON. BARRY A. BRYANT
　　　　　　　　　　　　　　　　　　　　　　　　　U.S. MAGISTRATE JUDGE

---

[1] If Gantt does choose to file a motion pursuant to 28 U.S.C. § 2241, that motion should be made in the "district where he is incarcerated." *See Matheny v. Morrison,* 307 F.3d 709, 711 (8th Cir. 2002).  Further, such a motion should only be made after he has exhausted his administrative remedies through the Bureau of Prisons.  *See United States v. Tindall,* 455 F.3d 885, 888 (8th Cir. 2006).