IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                    Case No. 1:12-cr-10008
                                      Case No. 1:14-cv-01046

DONALD GANTT                                                                                DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed January 27, 2016, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 49). Judge Bryant recommends that Defendant's Motion to Vacate Under 28 U.S.C. §2255 (ECF No. 45) be denied and dismissed without prejudice. Defendant has responded with objections. (ECF No. 51). The Court finds this matter ripe for consideration.

Defendant requests a correction of the judgment in his case so he is given credit for time served in federal custody. Judge Bryant recommends a finding that the claim attacking the execution of the sentence is not proper under 28 U.S.C. § 2255 and should have been brought pursuant to 28 U.S.C. § 2241 after Defendant exhausts his administrative remedies within the Bureau of Prisons. Defendant claims that his motion is challenging the Bureau of Prisons' change of his sentence from the one imposed by the Court by refusing to award him credit for time previously served in federal custody.

The United States Attorney General, through the Bureau of Prisons, is responsible for imprisoning federal offenders, computing their sentences, and determining how much credit should be awarded for any pre-sentence custody. *See United States v. Wilson*, 503 U.S. 329, 334-335 (1992). District courts are not authorized to compute credit at sentencing. *Id.* If a prisoner disagrees

with the Bureau of Prisons' computation of the sentence, he is entitled to an administrative review of that decision. *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006). After exhausting administrative review, a prisoner may seek judicial review by way of a habeas corpus petition under 28 U.S.C. § 2241.[1]  *Id.*

After review, the Court agrees with Judge Bryant that Defendant's claims are not cognizable claims under 28 U.S.C. § 2255. Defendant is not attacking the validity of a sentence and is instead attacking the execution of a sentence. *See Bell v. United States*, 48 F.3d 1042, 1043 (8th Cir. 1995).

For the reasons stated above, the Court overrules Defendant's objections and adopts the Report and Recommendation (ECF No. 49) *in toto*. The Court finds that Plaintiff has failed to state a claim upon which relief can be granted. Defendant's Motion to Vacate under 28 U.S.C. § 2255 should be and hereby is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED, this 20th day of April, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[1] If Defendant does file a motion pursuant to 28 U.S.C. § 2241, that motion should be made in the district where he is incarcerated. *See Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002). Defendant is currently incarcerated in the Coleman Medium FCI located in the Middle District of Florida.